| |
|---|
| **Sherman v Orsid Realty Corp** |
| 2024 NY Slip Op 34348(U) |
| December 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159225/2021 |
| Judge: Lori S. Sattler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LORI S. SATTLER**                                         PART                    02M

*Justice*

---------------------------------------------------------------------------------X

DIANA SHERMAN,

                                  Plaintiff,

                          - v -

ORSID REALTY CORP, UFH APARTMENT,
INC.,PROSPECT OWNERS CORP C/O R.F. STUART
MANAGEMENT

                                  Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159225/2021 |
| MOTION DATE | 10/16/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 70, 71, 73, 74, 76, 77, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 107, 108, 109, 110, 111, 112

were read on this motion to/for                    SUMMARY JUDGMENT(AFTER JOINDER          .

In this tort action, Plaintiff Diana Sherman ("Plaintiff") moves for partial summary

judgment as to liability on her first cause of action asserting negligence on the part of Defendants

Orsid Realty Corp ("Orsid"), UFH Apartment, Inc. ("UFH"), and Prospect Owners Corp c/o R.F.

Stuart Management ("Prospect") (collectively, "Defendants").  Defendants oppose the motion.

As set forth in the Amended Verified Complaint (NYSCEF Doc. No. 37, "Complaint"),

on September 12, 2020, Plaintiff lived in a rental apartment at 45 Tudor City Place, Apartment

1621 in Manhattan ("Apartment").  On that date, UFH was the building owner, Orsid was the

building management company, and Prospect was the Apartment's lessor and Plaintiff's

overtenant.  At approximately 9:00 pm on that date, while Plaintiff was at a nearby restaurant, a

fire started in the Apartment.  According to Plaintiff, the fire damaged virtually all of her

personal property and resulted in the death of one of her cats and injuries to her two other cats.

[* 1]

The Complaint alleges the fire originated in a closet in the Apartment due to a negligently installed IKEA light fixture, which was placed too close to a shelf and contained an overpowered bulb. The Complaint further claims that there were numerous electrical code violations, including an outdated circuit breaker which should have tripped and prevented the fire. Plaintiff also alleges that when she returned to the Apartment after being notified of the fire, there were no fire extinguishers accessible on her floor, and that building staff failed to assist her as she attempted to save her cats.

The Amended Complaint asserts causes of action for negligence, negligence per se, intentional infliction of emotional distress, negligent infliction of emotional distress, and prima facie tort. The parties have completed some but not all discovery, and a Note of Issue has not yet been filed. Plaintiff now moves for summary judgment as to liability on her first cause of action asserting negligence.

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). The facts presented "must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]).

In support of her motion, Plaintiff annexes a copy of a Fire Incident Report (NYSCEF Doc. No. 45) which states that the fire was caused by a "hot light bulb close to combustibles." She further annexes a letter (NYSCEF Doc. No. 42) from Anthony Reale, a licensed electrician, who conducted an inspection of the Apartment and found that:

159225/2021  SHERMAN, DIANA vs. ORSID REALTY CORP ET AL
Motion No. 001

Page 2 of 4

2 of 4

> The closet light where the fire started was mounted in the ceiling and is a quartz light made by IKEA, this fixture is not approved to be installed in N.Y.C. there is no recognized testing laboratory stamp on the fixture it only states it meets the requirement. When a shelf is installed in a closet the light has to be mounted on the front wall of the closet away from the shelf, yours was not. The heat from the quartz light is very hot and could ignite anything flammable. I believe this is what happened in your closet.

(*id.*). Plaintiff later deposed Reale, and he conceded that because of the damage to the closet, he did not know exactly where the light fixture was located prior to the fire, and he did not check the wattage of the bulb (NYSCEF Doc. No. 43, Reale EBT, 51-52). He also stated he did not investigate whether the lightbulb could have been involved had it been off at the time of the fire (*id.* at 54).

Plaintiff does not attach her own deposition transcript, however in her annexed affidavit (NYSCEF Doc. No. 32), she states the bulb in the fixture was 50 watts. Plaintiff presents no evidence as to who installed the light fixture; the placement of the light fixture prior to the fire; whether the lightbulb was original to the fixture or whether it had been changed, and if so by whom; whether the light was on just prior to the fire and if so who would have turned it on; or whether the light could have caused the fire even if it were off. Plaintiff further presents no evidence supporting her contention that an electrical code violation or a defect in the Apartment's circuit breaker caused the fire. To the contrary, although Reale's letter states that there was a junction box in the closet and in the bedroom that violated code, when asked at his deposition whether the exposed junction boxes contributed to the creation of the fire, Reale answered "Not at all" (Reale EBT, 40). Likewise, the letter stated that the circuit breaker in the Apartment did not violate building code but was "known not to trip in overloads," however when asked whether a different breaker would have tripped and prevented the fire from occurring, he replied "I could not answer that" (*id.* at 41).

The Court finds that Plaintiff's papers fail to tender sufficient evidence to eliminate material issues of fact as to liability on her negligence cause of action, therefore the motion must be denied. Counsel shall appear for a Status Conference on January 28, 2025 at 9:30 a.m. at 60 Centre Street, Room 212.

This constitutes the Decision and Order of the Court.

| 12/13/2024 | | LORI S. SATTLER, J.S.C. |
|---|---|---|
| **DATE** | | |

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☒ DENIED ☐ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

159225/2021   SHERMAN, DIANA vs. ORSID REALTY CORP ET AL       Page 4 of 4
Motion No.  001

4 of 4

[* 4]